IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| RICHARD R. NAGEOTTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 05-395 |
| | ) | |
| TEXACO REFINING, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Richard R. Nageotte's Motion to Remand to state court. This case concerns a dispute about the cleanup of pollution on a gas station site owned by the plaintiff. Plaintiff filed a Complaint in the Circuit Court of Stafford County, Virginia alleging: (1) specific performance to compel the defendants to perform the requirements of a settlement agreement to complete the clean up of the pollution and to convey the improvements to Plaintiff; and (2) breach of contract and damages in the amount of $74,525.28. The issue before the Court is whether the Court has diversity jurisdiction over the case under 28 U.S.C. § 1332 because the amount of damages claimed by the plaintiff exceeds $75,000. The Court finds that the amount of damages claimed by the plaintiff exceeds $75,000 and that the Motion to Remand to state court is denied because the cost of specific performance and the outstanding rent payments exceeds the amount in controversy

requirement.

## I. BACKGROUND

Mr. Richard R. Nageotte ("Plaintiff," "Mr. Nageotte") filed a Complaint in the Circuit Court of Stafford County, Virginia against TMR Company, formerly known as Texaco Refining and Marketing Inc., Motiva Enterprises, LLC, and Equilon Enterprises LLC, doing business as Shell Oil Products US (collectively "Defendants"). The Complaint alleges in count one, specific performance to compel Defendants to perform the requirements of a previous settlement agreement to (1) complete the clean up of the pollution to Plaintiff's property and (2) to convey the improvements to Nageotte. Count two alleges breach of contract and damages in the amount of $74,525.28.

Defendants filed a Notice of Removal alleging that even though Nageotte filed suit for a total of $74,525.28 in itemized money damages, it is reasonable to infer that the cost of specific performance would be over $500.00. The second basis for Defendant's Notice of Removal is that Plaintiff has not sued for the entire amount of rental payments that the defendants owed Plaintiff and that if Plaintiff had, monetary damages would exceed the jurisdictional minimum.

Plaintiff counters in the Motion to Remand to state court that count one of Plaintiff's Complaint does not seek monetary damages, therefore, the cost of compliance should not be a factor in determining whether the case meets the minimum amount in

2

controversy requirement for diversity jurisdiction. Plaintiff further contends that Plaintiff may purposely sue for an amount that would leave Plaintiff's claim below the jurisdictional minimum.

## II. DISCUSSION

### A. Standard of Review

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs. 28 U.S.C. § 1332. An order removing a case to the state court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the state court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise. 28 U.S.C. § 1447 (procedure after removal generally.) Removal of civil cases to federal court infringes upon state sovereignty. Consequently, "courts strictly construe the removal statue and resolve all doubts in favor of remanding the case to state court." *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 507 (E.D.Va. 1992) (*quoting Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941).

### B. Analysis

**Count I Specific Performance Claim**

The Court holds that Plaintiff's Motion to Remand to state court is denied because the cost of specific performance to (1)

3

complete the clean up of the pollution and (2) to convey the improvements to Plaintiff would cost over $500 making the amount in controversy exceed $75,000. The Fourth Circuit has held that the test for determining the amount in controversy in a diversity proceeding is the pecuniary result to either party which [a] judgement would produce. *Dixon v. Edwards,* 290 F.3d 699 (4th Cir. 2002). Further, when evaluating whether more than $75,000 was in controversy when the Complaint was filed, the Court should consider not only the monetary damages that a plaintiff seeks, but also the cost to the defendant of complying with any prospective equitable relief. *Keith v. Clarke American Checks, Inc.,* 261 F.Supp.2d 419, 422 (W.D.N.C. 2003).

In the present case, Plaintiff not only seeks the complete cleanup of the pollution on Plaintiff's gas station site, but also the conveyance of the improvements to the real property, including the buildings, canopy, carwash and other equipment. Compl. ¶ 23. The cost of cleanup along with the conveyance of the improvements to Plaintiff's real property will certainly cost more than $500. Accordingly, the Court denies Plaintiff's Motion to Remand because the specific performance count of Plaintiff's complaint alone would cost more than $500, leaving the amount in controversy in excess of $75,000 and giving this Court jurisdiction under 28 U.S.C. § 1332.

4

**Count II Breach of Contract Claim**

The Court denies Plaintiff's Motion to Remand to state court because the value of count II of Plaintiff's complaint alone exceeds $75,000, giving the Court jurisdiction under 28 U.S.C. § 1332.  When the amount of damages a plaintiff seeks is unclear, the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue.  *Dash v. FirstPlus Home Loan Owner Trust 1996-2,* 248 F.Supp.2d 489, 499 (M.D.N.C. 2003).

In the present case, Plaintiff alleges that Defendants have not paid the month to month lease payments from the March 1, 2004, and currently owe Plaintiff the sum of $54,300.00 in lease payments.  Compl. ¶ 27.  Since under Plaintiff's allegations, Defendants' purported obligation to pay month to month rent is an ongoing obligation, each new month imposes an additional obligation.  As of the time of Defendant's Notice of Removal, however, the amount in controversy was at least $79,958.28 because of Defendants' ongoing obligation.

Plaintiff attempts to defeat Defendants' ongoing obligation by stipulating that he will seek no more than $74,525.28 for breach of contract.  The Seventh Circuit dealt with this issue in *In re Prescription Drugs Antitrust Litigation* where a plaintiff brought suit in a state court and the defendant then removed it to federal court.  *In re Prescription Drugs Antitrust Litigation,*

5

248 F.3d 668 (7th Cir. 2001). The plaintiff attempted to stipulate that the plaintiff would not seek damages over the jurisdictional minimum. *Id.* at 671. The Seventh Circuit held that jurisdiction cannot be destroyed by stipulation after jurisdiction attaches. *Id.* at 671. Accordingly, Plaintiff cannot avoid the jurisdictional minimum under 28 U.S.C. § 1332 after jurisdiction has already attached simply by stipulating after the fact that Plaintiff will only seek $74,525.28 in damages. The Court denies Plaintiff's Motion to Remand to state court because the value of count II of Plaintiff's Complaint exceeds $75,000, giving this court jurisdiction under 28 U.S.C. § 1332.

### III. CONCLUSION

The Court holds that the amount of damages claimed by the plaintiff exceeds $75,000 and that the Motion to Remand to state court is DENIED because the cost of specific performance and the outstanding rent payments put the amount in controversy well over the jurisdictional minimum.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff Richard R. Nageotte's Motion to Remand to state court is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __27th_____ day of July, 2005.

_____  /s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
7/27 /05

7